IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathanael L. Reynolds,<br><br>Plaintiff,<br><br>vs.<br><br>State of South Carolina, et al.<br><br>Defendants. | Civil Action No.: 4:17-cv-298-BHH<br><br>**ORDER AND OPINION** |

Plaintiff Nathanael L. Reynolds ("Plantiff"), proceeding *pro se* and *in forma pauperis*, filed this action complaining of alleged violation of his constitutional rights by state agencies and/or officials. (ECF No. 1.) His allegations are construed as a civil action pursuant to 42 U.S.C. § 1983. This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina. On March 1, 2017, the Magistrate Judge issued a Report recommending that this case be summarily dismissed *without prejudice*, and without issuance of any service of process. (ECF No. 14.) Plaintiff filed objections (ECF No. 17) to the Report on March 13, 2017, as well as a "Motion for Preliminary Injunction" (ECF No. 16).

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final

1

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court must make a *de novo* determination of those portions of the Report, or specified proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may accept, reject, or modify, in whole or in part, the Report or may recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). De novo review is also "unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In reviewing the pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

# DISCUSSION[1]

Plaintiff makes several specific objections to the Report, which the Court has considered *de novo*. Plaintiff first argues that the Magistrate Judge applied an incorrect standard in reviewing his *pro se* pleadings. To the contrary, the Magistrate Judge correctly summarized the standard that courts adhere to when construing *pro se* pleadings and demonstrated the proper application of this standard in her thorough Report. (ECF No. 14 at 2.) There is no error here.

Plaintiff next objects that the Magistrate Judge incorrectly discussed "immaterial cases" previously filed by Plaintiff—courts in this district have already dismissed nine of his cases.[2] (ECF No. 17 at 2.) Here, Plaintiff is referring to the Magistrate Judge's explanation of the Prison Litigation Reform Act ("PLRA") three strikes provision. The Magistrate Judge noted the volume of Plaintiff's filings, and correctly explained that Plaintiff risks the accumulation of three strikes against him and the resulting denial of any future requests for *in forma pauperis* status, should he continue to file pleadings that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), *as amended* (Oct. 22, 2013) ("[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed *in forma pauperis* but rather must pay up-front all filing fees for his subsequent suits."). The Court finds no error in the Magistrate Judge's summary of Plaintiff's prior filings. It was entirely

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.
[2] Plaintiff also currently has another action pending in this Court.

appropriate for the Magistrate Judge to make Plaintiff aware of the three strikes PLRA provision.

Plaintiff next objects that he was denied a preliminary hearing in his pending state criminal case. The Magistrate Judge addressed this allegation in detail, both as a basis for removal to federal court, and as a separate allegation that the denial of a preliminary hearing violated Plaintiff's constitutional rights. As an initial matter, the Magistrate Judge correctly outlined the proper grounds for removal and properly found that none of those grounds were asserted by Plaintiff. She further correctly found that even if removal had been properly sought, Plaintiff failed to comply with the statutory procedural requirements. *See* 28 U.S.C. § 1455.

The Magistrate Judge then addressed the alleged denial of a preliminary hearing as a distinct constitutional violation. She correctly cited authority providing that a preliminary hearing is not necessary in South Carolina court where a defendant has been indicted by a grand jury. *See State v. McClure*, 289 S.E.2d 158, 160 (S.C. 1982) ("The indictment itself constitutes a finding of probable cause and thus avoids the need for a preliminary hearing."). Public records confirm that Plaintiff was indicted for burglary first degree in the pending state criminal case at issue.[3] Because Plaintiff was indicted by a grand jury, there was no need for a preliminary hearing. Thus, the Court agrees with the Magistrate Judge that Plaintiff's allegations do not establish a violation of his constitutional rights.

---

[3] To the extent Plaintiff argues this indictment is not pending because it was not charged under his proper name (ECF No. 17 at 3), the Court notes that public records list Plaintiff's first name as both "Nathanael" and "Nathaniel." *See* Williamsburg County Third Judicial Circuit Public Index, Case No. 2014-A-452-0300159, Case No. 2014-A-452-00010. The instant state criminal action is pending against "Nathaniel Leonard Reynolds."

Finally, Plaintiff generally objects that the Court is trying to "sabotage his civil action." (ECF No. 17 at 3.) There is no evidence to support such an allegation—the record in this case demonstrates that the Court has followed all proper procedures and correctly applied the relevant law. Dissatisfaction with a result dictated by law does not evidence misconduct by the Court. There is no error here.

In sum, the Court finds no error in the Magistrate Judge's thorough Report and overrules Plaintiff's objections.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, and after *de novo* review, the Court overrules Plaintiff's objections, and adopts and incorporates by reference the Magistrate Judge's Report. Accordingly, this action is DISMISSED *without prejudice*, and without issuance and service of process. Having dismissed this case, the Court finds Plaintiff's motion for preliminary injunction (ECF No. 16) to be MOOT.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
May 16, 2017